[Crim. No. 445.    Third Appellate District.—August 13, 1918.]

## THE PEOPLE, Respondent, v. FRANCISCO ZAVALA, Appellant.

CRIMINAL LAW—MURDER—ASSAULT ON DEFENDANT BY DECEASED—EVIDENCE.—On a trial for murder, testimony that the wife of the deceased had filed a complaint against him charging him with having assaulted her is not evidence that the deceased at a different time had struck the defendant.

ID.—REPUTATION OF DECEASED.—Such evidence is equally inadmissible if offered in impeachment of the reputation of the deceased.

APPEAL from a judgment of the Superior Court of San Joaquin County, and from an order refusing a new trial. D. M. Young, Judge.

The facts are stated in the opinion of the court.

H. W. Coale and John R. Cronin, for Appellant.

U. S. Webb, Attorney-General, and J. Chas. Jones, Deputy Attorney-General, for Respondent.

BURNETT, J.—Defendant was convicted of murder in the first degree, the jury fixing the punishment at imprisonment for life in the penitentiary. The appeal is from the judgment and the order denying defendant's motion for a new trial.

In the brief of appellant, while it is stated that there are several grounds demanding a reversal of the case, specific attention is directed to only one, and that possesses no merit whatever. Consideration is invited to the fact that the assistant district attorney introduced in evidence a statement by the defendant made a day after the homicide in which the following questions and answers appear: "Were you over in the brewery yesterday evening or the afternoon? Yes, I was at the brewery—the man at the brewery struck me here in the eye. What did he hit you for? He is a man he is always angry he chases everybody away, he even chases, whenever he is under the influence of liquor, he even chases his wife away from there." It is claimed by appellant that he "afterward sought to prove that the portion thereof relating to the brewery was in fact true and for this purpose called George Frerichs, city recorder of the city of Tracy, Ernest Gieseke, constable of Tulare County, wherein Tracy is located, and George Chidester, constable of Stockton Township." The method by which appellant sought this corroboration is shown by the following question addressed to the said city recorder: "Mr. Frerichs, has Mrs. Schmidt, wife of Henry Schmidt, ever filed a complaint in your court against Henry Schmidt for disturbing her peace and assaulting her there at any time?" In other words, the position is that testimony that the wife had filed a complaint against Schmidt charging him with assaulting her is evidence that Schmidt at a different time had struck the defendant. Of course, the statement of the proposition is a sufficient refutation of its soundness. It is equally apparent that the reputation of the deceased could not thus be assailed.

In justice to counsel for appellant it is fair to say that they content themselves with merely stating the contention. They

make no argument, as indeed no argument is possible, in support of the admissibility of such incompetent and irrelevant testimony.

We have examined the record sufficiently to be entirely satisfied that the defendant was justly convicted and that no error was committed.

The judgment and order are affirmed.

Chipman, P. J., and Hart, J, concurred.